UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- X
                                            :
HYAXIOM, INC.                               :
                                            :
                        Plaintiff,          :
                                            :
            -v-                             :       24cv7821 (DLC)
                                            :
CLEARCELL POWER, INC., ALINA MEZHIBOVSKY    :       OPINION AND ORDER
a/k/a ALINA MEZH, VICTOR MEZHIBOVSKY a/k/a  :
VICTOR MEZH, VM POWER, INC., and            :
JP MORGAN CHASE BANK N.A.,                  :
                                            :
                        Defendants.         :
                                            :
------------------------------------------- X

APPEARANCES:

For plaintiff:
Keith Robert Hemming
Daniel Alan Cozzi
Sills Cummis & Gross P.C.
The Legal Center
One Riverfront Plaza
Newark, NJ 07102

For defendants Clearcell Power, Inc., Alina Mezhibovsky, Victor
Mezhibovsky, and VM Power, Inc.:
Bret Lawrence McCabe
Forchelli, Deegan, Terrana, LLP
333 Earle Ovington Boulevard, Suite 1010
Uniondale, NY 11553

For defendant JP Morgan Chase Bank N.A.:
Kyle P. Nodes
Morgan, Lewis & Bockius LLP
2222 Market Street
Philadelphia, PA 19103

DENISE COTE, District Judge:

    On October 15, 2024, HyAxiom, Inc. ("HyAxiom") sued

Clearcell Power, Inc. ("Clearcell"), Alina Mezhibovsky, Victor

Mezhibovsky, VM Power Inc. ("VM Power") (collectively, the "Clearcell Defendants") and JP Morgan Chase Bank, N.A. ("JP Morgan") in New York State Supreme Court, County of New York. The Clearcell Defendants removed the action to federal district court, asserting diversity jurisdiction as basis for jurisdiction.  For the following reasons, HyAxiom's motion to remand is granted.

## Background

This action arises out of four construction projects in New York, New Jersey, and Delaware (collectively, the "Projects"). Each Project site is owned by JP Morgan, with whom Clearcell contracted to complete certain work.  HyAxiom asserts that it is owed more than $6.6 million because Clearcell did not pay HyAxiom in full for providing specialized hydrogen fuel cells for the Projects.

HyAxiom filed this action in state court on October 15, 2024.  HyAxiom asserts state law claims against Clearcell for breach of contract, breach of the implied covenant of good faith and fair dealing, quantum meruit, unjust enrichment, promissory estoppel, and violation of the New York Prompt Payment Act.  It additionally brings claims against Clearcell and Alina and Victor Mezhibovsky for diversion of trust funds created pursuant to Article 3-A of New York Lien Law, breach of fiduciary duty,

2

and fraudulent inducement.  Against those same defendants and VM
Power, HyAxiom asserts a claim of fraudulent conveyance.
Finally, HyAxiom brings a claim of replevin against JP Morgan,
and it seeks a declaratory judgment against JP Morgan and
Clearcell pursuant to NY CPLR § 3001, declaring that HyAxiom's
security interest and/or lien in the fuel cells that it provided
to the Projects remains in full force and effect.  The complaint
asserts that some of the unpaid for fuel cells are in the
possession of JP Morgan and that JP Morgan has not made full
payment for them to Clearcell.

On October 7, counsel for HyAxiom emailed counsel for the
Clearcell Defendants, advising him that HyAxiom would be
initiating an action in New York State court.  HyAxiom's state
court complaint was filed on October 15.  Clearcell accepted
service of the complaint that same day.  On October 17,
Clearcell removed this action to federal district court with the
consent of the other Clearcell Defendants.  VM Power was served
on October 18.  Defendant JP Morgan did not join in the removal.
It is not clear from the record whether JP Morgan has been
served.

The Clearcell Defendants filed a motion pursuant to 28
U.S.C. § 1404 on October 21 to transfer this action to the
United States District Court for the District of Connecticut.

On October 22, HyAxiom moved to remand the case to the New York State court or, in the alternative, for a preliminary injunction. A briefing schedule on HyAxiom's motion to remand issued on October 23. Counsel for JP Morgan appeared on October 29. The motion to remand became fully submitted on October 31.

In their notice of removal, the Clearcell Defendants asserted that there was complete diversity between them and HyAxiom. They acknowledged, however, that there is a non-diverse defendant, JP Morgan. But they argue that JP Morgan's presence does not destroy diversity because of the doctrine of pendant jurisdiction. Thereafter in their briefing, the parties focus on whether Clearcell and VM Power are citizens of New York and therefore barred under the forum defendant rule from removing the action to federal court.

The parties agree on the citizenship of HyAxiom and of JP Morgan. HyAxiom is a Delaware corporation that maintains its principal place of business in Connecticut. JP Morgan is also a Delaware Corporation. Its principal place of business is in New York.

At least two of the Clearcell Defendants appear to be governed by the forum defendant rule and may be barred from removing this action to federal court. The citizenship of the Clearcell defendants appears to be as follows. Clearcell is a

Florida corporation that, until October 9, 2024 -- two days after Clearcell's counsel learned that HyAxiom would be filing this action -- identified its principal place of business as being in New York in annual reports filed with the Florida Secretary of State.  VM Power is incorporated in New York. Alina Mezhibovsky asserts by affidavit that she has moved to Florida and has intended to reside there permanently since 2020. Victor Mezhibovsky similarly declares that since 2022 he has resided in and intended to remain in Florida.

## Discussion

An action may be removed to federal court when the federal court would have jurisdiction over the action.  Section 1441(a) of Title 28 states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis supplied).  The Clearcell Defendants removed the action on the ground that this Court has jurisdiction over this action based on 28 U.S.C. § 1332(a), which, as relevant here, provides district courts with original jurisdiction of all civil actions where the matter in

controversy is between "citizens of different States."  28
U.S.C. § 1332(a)(1).

The party asserting federal jurisdiction, including in the
removal context, bears the burden of establishing that
jurisdiction exists.  See Blockbuster, Inc. v. Galeno, 472 F.3d
53, 57 (2d Cir. 2006).  "In light of the congressional intent to
restrict federal court jurisdiction, as well as the importance
of preserving the independence of state governments, federal
courts construe the removal statute narrowly, resolving any
doubts against removability."  Platinum-Montaur Life Scis., LLC
v. Navidea Biopharms., Inc., 943 F.3d 613, 617 (2d Cir.
2019) (citation omitted).  Moreover, a federal court has an
independent obligation to satisfy itself of its jurisdiction,
even in the absence of a challenge from any party.  See Stafford
v. Int'l Bus. Machines Corp., 78 F.4th 62, 68 (2d Cir. 2023);
see also 28 U.S.C. § 1447(c).

Diversity jurisdiction exists "only if there is no
plaintiff and no defendant who are citizens of the same State."
Platinum-Montaur, 943 F.3d at 617 (citation omitted).  For
purposes of diversity jurisdiction, a corporation is considered
a citizen of the state in which it is incorporated and the state
of its principal place of business.  Bayerische Landesbank, New

York Branch v. Aladdin Cap. Mgmt. LLC, 692 F.3d 42, 48 (2d Cir. 2012).

The Clearcell Defendants have failed to carry their burden of demonstrating that diversity jurisdiction exists over this action.  Plaintiff HyAxiom is a citizen of Delaware and so is defendant JP Morgan.

Clearcell argues that this Court may exercise "pendent" jurisdiction over the non-diverse JP Morgan, citing Mine Workers v. Gibbs, 383 U.S. 715 (1966).  That argument fails.  "Gibbs does not undermine the complete diversity rule."  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 554 (2005).  Put differently, for a federal court "to invoke supplemental jurisdiction under Gibbs, it must first have original jurisdiction over at least one claim in the action.  Incomplete diversity destroys original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can adhere."  Id.

Although it is unnecessary to resolve the issue, it appears that the forum defendant rule may also defeat jurisdiction.  "[W]here, as here, the only basis for federal subject-matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332, the forum defendant rule applies."  Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 704 (2d Cir. 2019) (citation omitted).

Under that rule, a suit that is "otherwise removable solely on the basis of . . . [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  The forum defendant rule only bars removal, however, when the forum-defendant has been served before the removal.  Gibbons, 919 F.3d at 705.

HyAxiom asserts that the forum defendant rule bars removal because Clearcell's principal place of business is in New York and VM Power is incorporated in New York.  A corporation's principal place of business under § 1332 is "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).  In practice, this "should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'"  Id. at 93.

Clearcell has not shown that its principal place of business was in Florida as of the time HyAxiom filed its action in New York state court.  Although Alina Mezhibovsky asserts by affidavit that Clearcell's principal place of business has been in Hallandale Beach, Florida since June 24, 2020, she filed at

8

least six declarations with the Florida Secretary of State between June 26, 2020 and April 23, 2024 declaring that the "principal place of business" of Clearcell was in Mineola, New York.  Only on October 9, 2024, two days after counsel for the Clearcell Defendants was advised of this litigation, did Alina Mezhibovsky file an amended annual report representing that Clearcell's principal place of business is in Florida.

VM Power has shown, however, that its New York citizenship is not a bar to the removal of the action.  It is not disputed that VM Power was served on October 18, one day after the Clearcell Defendants filed their notice of removal.

Finally, HyAxiom moves for an award of costs and attorney's fees.  An order remanding a case may, in a court's discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  "[C]ourts may award attorney's fees under section § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  This Court, in its discretion, will not require the payment of costs and fees under 28 U.S.C. § 1447(c).

9

## Conclusion

HyAxiom's October 22 motion to remand the case is granted. Its motion for costs and attorney's fees is denied.  The Clerk of Court is directed to remand the action to the New York State Supreme Court, County of New York.

Dated:     New York, New York
           November 8, 2024

                                   _____
                                   DENISE COTE
                              United States District Judge